Ben W. Muse
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: benjamin_muse@fd.org

*Counsel for Defendant Sergey Nefedov*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEY NEFEDOV,<br><br>Defendant. | Case No. 3:24-cr-00059-SLG-MMS-1 |

**MOTION FOR EVIDENTIARY HEARING
RE MOTION FOR RETURN OF PROPERTY [189]**

Defendant Sergey Nefedov, through counsel, Ben W. Muse, Assistant Federal Defender, moves this Court for an evidentiary hearing on his Motion for Return of Property [189] because there are factual questions that need to be resolved in order to resolve Mr. Nefedov's motion, specifically whether the government's continued possession of the items outlined in Mr. Nefedov's motion at Docket No. 189 is necessary.

Federal Rule of Criminal Procedure 41(g) directs the Court to "receive evidence on any factual issue necessary to decide" a motion to return property made under that rule. It is well established that the government must return even lawfully seized items

when their retention is no longer necessary for evidentiary purposes.[1] The standard is ultimately one of reasonableness. As the notes to F. R. Cr. P 41 reflect:

> [R]easonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders. In many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use. … The amended rule contemplates judicial action that will respect both possessory and law enforcement interests.[2]

In its response, the government contends it needs to retain the *information* on some of the items requested by Mr. Nefedov because it has not yet been able to complete a forensic review of this information.[3] Yet, the government has not asserted why retaining the receptacles of this potentially relevant information—*i.e.*, Mr. Nefedov's computers, storage devices, and phone—remains necessary. The government can create forensic images (an exact digital copy) of the data on electronic devices. It's unclear whether that has been done in this case, but the government has had these items for 9 months. In counsel's experience, a forensic image can be made relatively quickly. Mr.

---

[1]    *See, e.g., United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir.2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence."); *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014). The government asserts that Mr. Nefedov needs to establish that the items he's seeking to be returned were unlawfully seized. Dkt. 191 at 2. This is not the standard.

[2]    Fed. R. Crim. P. 41, adv. comm. notes to 1989 amm.

[3]    Dkt. 191 at 1-2.

Nefedov has been seeking the return of his devices since November. There is no reason to retain Mr. Nefedov's electronic devices once a forensic image has been made.

Further, it's unclear whether all the requested items contain information relevant to this case. As noted previously, one of the computers—Evidence Item # 30—seized by the government is Mr. Nefedov's son's computer. It is not apparent why investigators seized this computer.

For all these reasons, the Court should conduct an evidentiary hearing on Mr. Nefedov's Motion for Return of Property to determine whether the government's continued possession of Mr. Nefedov's electronic devices remains necessary under the circumstances and whether a "reasonable accommodation[]" like forensic imaging "might protect both the law enforcement interests of the United States and the property rights" of Mr. Nefedov.

DATED at Anchorage, Alaska this 3rd day of April, 2025.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

/s/ Ben W. Muse
Ben W. Muse
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on April 4, 2025. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
/s/ Ben W. Muse